IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LEE BOYD MALVO,

    PETITIONER,

v.                                          CIVIL ACTION NO. 2:13-cv-376

RANDALL MATHENA,
Chief Warden, Red Onion State Prison,

    RESPONDENT.

## REPORT AND RECOMMENDATION

Before the Court is the petitioner Lee Boyd Malvo's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 ("the petition"), ECF No. 1, and the Respondent's motion to dismiss, ECF No. 5. Malvo, by counsel, filed an opposition to the motion to dismiss, ECF No. 12, to which the Respondent replied, ECF No. 14. The motion to dismiss was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72(b), E.D. Va. Local Civil Rule 72, and the April 2, 2002 Standing Order on Assignment of Certain Matters to United States Magistrate Judges. After reviewing the briefs, the undersigned disposes of the motion to dismiss on the papers without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and E.D. Va. Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** the Respondent's motion to dismiss, ECF No. 5, be **GRANTED** and Malvo's petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

In this companion case to 2:13-cv-375 ("the Fairfax conviction"), Malvo challenges the constitutionality of a subsequent Virginia state court conviction from the County of Spotsylvania ("the Spotsylvania conviction"). Just like the Fairfax conviction, the subsequent Spotsylvania conviction at issue in this habeas petition resulted from Malvo's participation in the "sniper shootings" that occurred in September and October of 2002 throughout the Washington, DC metropolitan area, and surrounding parts of Virginia and Maryland. Again, at the time of Malvo's arrest on October 24, 2002, he was seventeen years old.

On October 26, 2004, in the Circuit Court of Spotsylvania County, after reaching a plea agreement with the Commonwealth of Virginia, Malvo pled guilty by entering an "Alford plea" to the following charges: one count capital murder, in violation of Va. Code § 18.2-31, one count attempted capital murder, in violation of Va. Code § 18.2-25, and two counts of using a firearm in the commission of a felony, in violation of Va. Code § 18.2-53.1. In exchange for Malvo's plea, the Commonwealth of Virginia dismissed two indicted charges of malicious wounding and conspiracy to commit capital murder. The same day, the Circuit Court of Spotsylvania County sentenced Malvo to life imprisonment without parole on the charge of capital murder, life imprisonment without parole on the charge of attempted capital murder, three years of imprisonment on the first firearm charge, and five years of imprisonment on the second firearm charge. The total sentence imposed was two terms of life imprisonment plus eight years. Under Virginia law, because Malvo was sentenced to a term of incarceration for a felony offense committed after January 1, 1995, he is not eligible for parole. *See* Va. Code § 53.1-165.1 ("Any person sentenced to a term of incarceration for a felony offense committed on or after January 1,

1995, shall not be eligible for parole upon that offense."). Moreover, as part of the plea agreement, Malvo agreed to the two terms of life imprisonment without parole.[1] *See* ECF No. 7, attach. 1 at 6, ¶ 8.B ("It is further understood and agreed that the defendant will be sentenced to life in prison without parole for the Capital Murder of Kenneth Bridges; to life in prison without parole for the Attempted Capital Murder of Caroline Seawell . . . ."). Malvo never directly appealed this judgment of conviction, nor did he previously file petitions for collateral relief in state court or federal court.

On June 25, 2013, Malvo filed the instant habeas petition now before the Court (at the same time he filed his petition in the companion case, 2:13-cv-375). ECF No. 1. Just as in the companion case, Malvo's sole claim for habeas relief is that the rule announced in *Miller* constitutes a new substantive constitutional rule that applies retroactively to cases on collateral review, or alternatively, a new watershed procedural rule that nonetheless permits retroactive application. On October 18, 2013, the Attorney General of Virginia, on behalf of the Respondent, filed a motion to dismiss, a Rule 5 answer, and a brief in support of the motion to dismiss. ECF Nos. 5-7. On January 23, 2014, Malvo filed a brief in opposition to the motion to dismiss, ECF No. 12, to which the Respondent replied on January 31, 2014. ECF No. 14. As the motion to dismiss is fully briefed, the matter is now ripe for a recommended disposition.

## II. DISCUSSION

For the reasons stated in the companion case, 2:13-cv-375, the Court would find that Malvo's unexhausted *Miller* claim now before the Court is excused, pursuant to 28 U.S.C. §

---

[1] At the time of his guilty plea, under Virginia law, the death penalty was still a possible punishment for capital murder and attempted capital murder. *See* Va. Code § 18.2-10(a) (2004) ("The authorized punishments for conviction of a felony are: For Class 1 felonies, death, if the person so convicted was 16 years of age or older at the time of the offense and is not determined to be mentally retarded . . . or imprisonment for life, and . . . a fine of not more than $100,000.").

2254(b)(1)(B), because there is no available avenue of state habeas relief.[2] *See Johnson v. Ponton*, No. 3:13-cv-404, 2013 WL 5663068, at * 3 (E.D. Va. Oct. 16, 2013). The Respondent also argues as a threshold matter that Malvo's claim is not justiciable because no form of relief will change Malvo's parole-ineligible status, due to his convictions in two other jurisdictions. ECF No. 7 at 3-6. Again, for the reasons discussed in the companion case, because the outcome of the instant habeas petition would have an effect the legal status of Malvo's Spotsylvania conviction and sentence, his claim does not present a moot question. *Johnson*, 2013 WL 5663068, at *3.

Lastly, the Respondent argues that because Malvo pled guilty and agreed to a "life without parole" sentence on two of the charges, he subsequently waived any appellate rights pursuant to *United States v. Mason*. ECF No. 7 at 3 n.2 (citing 495 F. App'x 373 (4th Cir. 2012) (per curiam) ("Because Mason knowingly and voluntarily waived his right to appeal and because the issues he seeks to raise on appeal fall squarely within the compass of his waiver of appellate rights, we dismiss the portion of Mason's appeal that challenges his sentence.") (citing *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005))). The appellant in *Mason* was a juvenile transferred to adult federal prosecution who pled guilty to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and to using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), for which he was ultimately sentenced to 228 months

---

[2] In the alternative, to the extent the Respondent argues that Malvo's claim is simultaneously exhausted and procedurally defaulted, *see* ECF No. 7 at 3 (citing *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (additional citation omitted), the Court would find that any procedural default is overcome by a showing of cause and prejudice, because the legal basis of the claim was not reasonably available to Malvo during the time to file a state habeas, and he was actually prejudiced from his inability to raise the issue. *See Smith v. Murray*, 477 U.S. 527, 537 (1986) ("The question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all."); *see also Murray v. Carrier*, 477 U.S. 478, 494 (1986) (holding in addition to establishing cause for the default, the petitioner must show there was actual prejudice from the inability to raise the issue).

imprisonment. *Mason, supra*, at *1. The Court need not address this argument, however, because the same *Teague* analysis applies to determine whether Malvo's petition is timely; specifically, the petition is timely only if the rule announced by the Supreme Court in *Miller* has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). For the reasons stated in the companion case, the Court would find that, under *Teague*, the new rule announced in *Miller* is a non-watershed procedural rule that is not applicable on collateral review. Accordingly, Malvo's petition is barred by the one-year statute of limitations under the Anti-terrorism and Effective Death Penalty Act of 1996, and Malvo cannot use the new rule announced in *Miller* to excuse his tardy filing. *See Malvo v. Mathena*, 2:13-cv-375 (E.D. Va.) (report and recommendation issued April 2, 2014).

### III. RECOMMENDATION

For these reasons more fully discussed in the companion case, 2:13-cv-375, the undersigned **RECOMMENDS** the Respondent's Motion to Dismiss, ECF No. 5, be **GRANTED** and Malvo's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the statute of limitations.

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof.

5

*See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to counsel of record for the parties.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
April 2, 2014

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Mr. Craig S. Cooley
3000 Idlewood Avenue
Richmond, Virginia 23221
Counsel for the Petitioner

Mr. Michael S. Arif
Arif & Associates PC
3975 University Drive, Suite 360
Fairfax, Virginia 22030
Counsel for the Petitioner

Mr. Donald E. Jeffrey, III
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Counsel for Respondent

By: _____

Fernando Galindo,
Clerk of Court

Deputy Clerk
April 3, 2014

7